# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE HOUSEKNECHT, | NO. 3:08-0482 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| SANDRA BRULO, *et al.*, | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are the Report and Recommendation ("R&R") of U.S. Magistrate Judge Malachy E. Mannion (Doc. 85), and Plaintiff Jamie Houseknecht's Objections to the R&R (Doc. 100). The Magistrate Judge recommends that the Motion to Dismiss by Defendants Sandra Brulo, Walter Symons, and Tom Lavan (Doc. 53) be granted. The R&R will be rejected, but the Motion to Dismiss will be granted.

## **BACKGROUND**

The Plaintiff's allegations which are relevant to the present R&R and Motion to Dismiss are as follows:

Plaintiff Jamie Houseknecht ("Houseknecht") brings the present action against numerous defendants alleging a number of constitutional violations under § 1983 and a number of state law claims. (Amend. Compl. ¶ 1, Doc. 25.) Defendant Sandra Brulo ("Brulo") was at all relevant times employed as the Chief Probation Officer at the Luzerne County Juvenile Probation Department. (*Id.* ¶ 4.) Defendants Walter Symons ("Symons") and Tom Lavan ("Lavan") were at all relevant times Probation Officers for the Luzerne

County Juvenile Probation Department. (*Id.* ¶ 5-6.)

On or about January 27, 1997, Brulo asked Houseknecht to sign a number of release forms so that she could have access to Plaintiff's prior psychiatric records. (Amend. Compl. ¶ 22.) "After expressing concerns Plaintiff had with regard to privileged and confidential information contained in this records and asking if they would be kept or destroyed, Defendant Brulo assured Plaintiff that the information gleaned from the Records would be used solely for determining his risk to the community, the need for further participation in counseling and her recommendation for the disposition of the pending charges against the Plaintiff." (*Id.* ¶ 23.) In February 1999, Brulo divulged these records to Defendants Fabian, Riley, and Thompson. (*Id.* ¶ 27.) On June 3, 2004, Brulo again divulged these records, along with those from his incarceration at Northwestern Academy Intensive Secure Treatment Unit to Defendant Doe. (*Id.* ¶ 29.) "There was neither a court order or a signed authorization by Plaintiff for this divulging of Plaintiff's privileged and confidential records." (*Id.* ¶ 30.) Defendants Symons and Lavan, along with others, made "fabricated statements and reports to the Luzerne County Juvenile Probation Department and the Honorable [former] Judge Mark Ciavarella, Jr." (*Id.* ¶ 32.)

Houseknecht filed an Amended Complaint on July 18, 2008. (Doc. 25.) Defendants Brulo, Symons, and Lavan filed a motion to dismiss on December 19, 2008. (Doc. 53.) On April 12, 2009, Houseknecht filed a motion for an extension of time to answer the Defendants' motion. (Doc. 66.) Magistrate Judge Mannion granted the extension and provided until May 15, 2009 for Houseknecht to answer. (Doc. 69.) Houseknecht never filed an answer or brief in opposition to the motion to dismiss. Houseknecht asserts, however, that he filed a motion for a more definite statement on April 9, 2009. (Doc. 75.)

2

Houseknecht then filed an affidavit in support of a motion for a more definite statement, but filed no actual motion. (Doc. 77.) On August 6, 2009, Magistrate Judge Mannion filed the R&R recommending that the motion to dismiss be adopted as unopposed, and on grounds of the statute of limitations. (Doc. 85.) Houseknecht objected to the R&R on October 2, 2009. (Doc. 100.) Both the R&R and Motion to Dismiss are ripe for disposition by this Court.

**LEGAL STANDARD**

**I. Review of Report and Recommendation**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994) (Kosik, J.). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) (the statute neither prevents nor requires a particular standard

if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Venaskie, J.) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension*

4

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I. Failure to Oppose**

Where a plaintiff has failed to timely file an opposition brief to against a motion to dismiss, the court will deem the motion as unopposed. M.D.Pa. L.R. 7.6. A Court will not, however, dismiss a *pro se* plaintiff's complaint merely for his or her failure to serve a timely brief in opposition to defendant's motion to dismiss. *See Stackhouse v.*

5

*Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991). If instead a *pro se* plaintiff fails to comply with an explicit court order to respond to the motion to dismiss, then *Stackhouse* does not prohibit granting the motion without a merits analysis. *Id.* at 30. In the R&R, Magistrate Judge Mannion found that because the plaintiff was granted an extension of time and failed to comply with this deadline, Houseknecht was so warned and, therefore, dismissal without a merits analysis is appropriate. The order in this instance is distinguishable from other cases where motions were granted as unopposed. Unlike the explicit order in *Rosado v. Walls*, No. 4:06-2025, 2007 U.S. Dist. LEXIS 40856, at * 4-6 and n.3 (M.D. Pa. June 5, 2007), which specifically directed the plaintiff to file a brief in opposition, the order in the present case only outlined a time frame. The order in this case also did not explicitly warn the plaintiff that failure to respond could result is dismissal without a merits analysis. *Stackhouse*, at 30 (may invoke rule dismissing without merits analysis where a party fails to comply with a *specific direction* to file). Because there was no disobedience of an explicit court order, an analysis on the merits is likely appropriate in the present case.

The Third Circuit Court of Appeals has applied the six-part test enunciated in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) when reviewing an order which deprives a party of the right to proceed with or defend a claim without merits analysis. *Rosado*, at *6. The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim

6

or defense.

*Poulis*, 747 F.2d at 868. In applying these factors, I find that a merits analysis is appropriate in the present case. In light of the plaintiff's status as a *pro se* prisoner and his attempts to file a motion for a more definite statement, personal responsibility seems low. As to the second factor, there is little prejudice to the Defendants in the delay and a merits analysis on their motion to dismiss. Even if I were to adopt the recommendation that "plaintiff has repeatedly delayed the prosecution of this action," (Doc. 89, pg. 11) this factor alone is not enough to grant the motion as unopposed. There is no evidence of bad faith, nor is there a need for sanctions in this matter. While the meritoriousness of the claim is also weak, I find that it is more appropriate to deal with the Motion to Dismiss on its merits, than to summarily grant it as unopposed by Houseknecht.

## II. Absolute Immunity

The immunity doctrines give individuals the ability to perform their official duties and apply their discretion without fear or threat of retaliation. *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001). Courts have recognized absolute immunity for those performing judicial, legislative, and prosecutorial functions. *See, e.g., Stump v. Sparkman,* 435 U.S. 349, 363 (1978) (discussing judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (discussing prosecutorial immunity). In determining absolute immunity, courts use a "functional approach" where the official receives immunity based upon "the nature of the function performed . . . and evaluates the effect that exposure to particular forms of liability would likely to have on the appropriate exercise of that function." *Hughes*, 242 F.3d at 125 (citing *Forrester v. White*, 484 U.S. 219, 224 (1988)). "[T]he official seeking absolute immunity bears the burden of showing that such

immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

"Absolute immunity attaches to those who perform functions integral to the judicial process." *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006) (citing *Burns v. Reed*, 500 U.S. 478, 484 (1991)). "[I]ndividuals who perform investigative or evaluative functions at a governmental adjudicative entity's request to assist that entity in its decisionmaking process are entitled to absolute immunity." *Id.*; *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (psychiatrist who performed evaluation of prison at court's request entitle to absolute immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741 (8th Cir. 1998) (psychologist who performed evaluation of sex offender at court's request entitle to absolute immunity). Probation officers are granted this type of quasi-judicial immunity when they are acting pursuant to a court directive or in creating reports which assist the court in making determinations. *Stankowski v. Farley*, 251 Fed. Appx. 743, 747 (3d Cir. 2007) ("Preparing the presentence report thus was a quasi-judicial function for which [the probation officer] is absolutely immune from suit.").

As to Defendants Symons and Lavan, there can be no question that they are absolutely immune from this action. The only allegations against them are found in Count II where it is alleged that they "were making overly fabricated statements and reports to the Luzerne County Juvenile Probation Department and the Honorable [former] Judge Mark Ciavarella, Jr." Filing reports and making statements to assist the court in making determinations are exactly the types of conduct protected by quasi-judicial immunity. Regardless of any allegations about their intent, they are entitled to absolute quasi-judicial immunity. Similarly, the allegations against Defendant Brulo for the

8

disclosures in 2004 are protected by absolute immunity. Brulo was acting in compliance with a court ordered assessment under 42 P. S. § 9795.4 (Doc. 38, Ex. A, pg. 6) (court ordered an assessment of Houseknecht).[1]

Brulo's alleged disclosures in 1999, however, were not done to aid a judicial officer or other adjudicator and making a determination. These disclosures to Defendants Fabian, Riley, and Thompson were for the purposes of treatment and evaluation during Houseknecht's incarceration. Therefore, quasi-judicial immunity in making recommendations to the court is not applicable. It is likely, however, that any disclosure was in compliance with the court's sentencing order for Houseknecht's incarceration at Northwestern Academy Intensive Secure Treatment Unit in furtherance of court ordered treatment. But because Houseknecht specifically alleges that there was no court order requiring the disclosure, and this Court has no copy of the sentencing order before it, and at this stage it is inappropriate to grant immunity for Brulo's alleged 1999 disclosure.

Defendants Symons and Lavon are protected by absolute quasi-judicial immunity for their actions advising the court. Defendant Brulo is absolutely immune with respect to the disclosures in 2004, which were also used to assist the court in making a sentencing determination. The alleged 1999 disclosures were not to assist the court, therefore, absolute quasi-judicial immunity is inappropriate given the current factual record.[2]

---

[1] Generally it is appropriate to assume all allegations in the complaint are true, such as Houseknecht's allegation that there was no court order authorizing disclosure. However, this Court may consider public records or take judicial notice of the opinion of another court. Either method enables this Court to consider Judge Sprecher's court ordered assessment in 2004.

[2] While qualified immunity could apply to Brulo for the 1999 disclosures, I need not address that issue as any claims are barred by the statute of limitations.

9

### III. Statute of Limitations

The statute of limitations for the federal and state causes of action alleged by Houseknecht share a two year limitations period. 42 P.S. § 5524 (2009); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993) (§ 1983 action applies state personal injury statute of limitations). The date on which Plaintiff's cause of action accrued was "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). A party is considered to have notice of all facts which were known upon their attorney. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). This is true even where the attorney was representing the client in an unrelated cause of action. *Owens v. Lac D'Amiante Du Quebec, Ltee.*, 656 F.Supp. 981, 983 (E.D. Pa. 1987) (statute of limitations began to run where attorney had sufficient knowledge of the accrual of the personal injury claim). Because Brulo is absolutely immune from liability for the 2004 disclosures, *see supra*, the only relevant date is when Houseknecht knew or should have known about the disclosure of the 1999 records.

Houseknecht argues that he first knew of the wrongful disclosures upon his review of the records he received on March 31, 2006. (Amend. Compl. ¶¶ 27, 29, 32, 42, 43-47.) There are two problems, however, with using March 31, 2006, as the date of discovery. First, Houseknecht raised the issue of disclosure of his juvenile medical records when appealing the December 1, 2004, sentencing by Judge Sprecher. (Doc. 38, Ex. A at 6.) Judge Sprecher's slip opinion with respect to that appeal states "Mr. Houseknecht alleges that, in informing his opinion, Dickson relied upon records obtained in violation of Mr. Houseknecht's constitutional rights. It appears the records referred to

10

are medical and psychiatric records that were contained in Mr. Houseknecht's juvenile record and were part of his participation in the juvenile probation program." *Id.* Judge Sprecher continues that "[s]ome of these documents may have come from the Juvenile Probation Office of Luzerne County." *Id.* Houseknecht correctly argues that it would be inappropriate to assume that he knew of the violation at that time based upon Judge Sprecher's estimation. The standard for the discovery rule, however, is that the plaintiff knew *or should have known* of the alleged injury. *Sameric*, 142 F.3d at 599. Here Houseknecht was at least put on notice of the possibility of disclosure when Judge Sprecher stated on June 15, 2005 that documents might have been released by the juvenile probation program. A reasonable plaintiff would then examine the records obtained by Dickson to determine if an inappropriate release of psychiatric records had occurred. Even assuming it took Houseknecht a month or more to obtain Judge Sprecher's opinion, a reasonable plaintiff would have known well before March 17, 2006, some nine (9) months after Judge Sprecher's opinion. Since the statute of limitations would have started to run before March 17, 2006, and the present action was filed March 17, 2008, Houseknecht's claim against Brulo is barred by the statute of limitations.

The second problem with Houseknecht's argument with respect to the statute of limitations is that anything known to Houseknecht's attorney may be imputed to Houseknecht. *Link v. Wabash R. Co.*, 370 U.S. at 633-34. Plaintiff argues that he requested all the documents in his case *up to that point* from his counsel on March 7, 2006. Since the documents which lead to the discovery of the disclosure were contained in the documents Houseknecht received from his counsel, it can be said that the information was in the hands of Houseknecht's counsel on or before March 7, 2006.

11

Regardless of the fact that Houseknecht did not receive the records until March 31, 2006, notice can be imputed to him from his counsel's possession of the documents which would put a reasonable plaintiff on notice.  Houseknecht argues that he never discussed the records with his former counsel, and therefore discovery should not be imputed to him.  As a matter of law, knowledge may imputed from plaintiffs counsel even if the counsel was acting in an unrelated capacity.  *Owens*, 656 F.Supp. at 983 (statute of limitations began to run where attorney had sufficient knowledge of the accrual of unrelated personal injury claim). Because the documents contained something which put Houseknecht on notice, it can be said that a reasonable plaintiff should have known on or before March 7, 2006.  Again, as this action was filed March 17, 2008, Houseknecht's claim against Brulo for the 1999 disclosures is barred by the statute of limitations.

## CONCLUSION

The Defendant's Motion to Dismiss (Doc. 53) will not be treated as unopposed because the Plaintiff is a *pro se* prisoner, and the factors of *Poulis* lead this Court in favor a merits analysis on the motion to dismiss.  The Motion to Dismiss will be granted, however, on grounds of absolute quasi-judicial immunity for Defendants Brulo (in part), Symons, and Lavan for their actions as an "arm of the court."  The remaining allegation against Brulo will be dismissed because the claim is barred by the statute of limitations.  Because absolute immunity and the statute of limitations bar these claims, any attempts to amend by Houseknecht would be futile. An appropriate order will follow.

| | |
|---|---|
|  November 12, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE HOUSEKNECHT,

   Plaintiff,

      v.

SANDRA BRULO, *et al.*,

   Defendants.

CIVIL ACTION NO. 3:08-cv--0482

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION)

## **ORDER**

**NOW**, this  12th  day of November, 2009, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 85) is **REJECTED**.

2. The Motion to Dismiss by Defendants Brulo, Symons and Lavin (Doc. 53) is **GRANTED**.

3. The case is **RECOMMITTED** to Magistrate Judge Malachy E. Mannion for further proceedings.

                                            /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge