UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE HOUSEKNECHT, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:08-0482 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| SANDRA BRULO, *et al.*, | : | |
| Defendants. | : | |

### **REPORT AND RECOMMENDATION**[1]

Pending before the court is defendants Robert Roman and Nurse Jane Doe's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 127). For the reasons set forth below, the court recommends that the defendants' motion be **GRANTED**.

**I. BACKGROUND**

Because the facts and procedural history have been more fully set forth in previous reports and recommendations, and a previous memorandum, it will not be fully repeated here. *See* (Doc. No. 85); (Doc. No. 115); (Doc. No. 130).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

Defendant Roman was the Chief Probation Officer at the Luzerne County Juvenile Probation Department and defendant Jane Doe was a nurse at the Luzerne County Juvenile Detention Center. (Doc. No. 25 at ¶¶ 18, 19). Plaintiff's allegations against defendants Roman and Jane Doe are set forth in Count 3 of the amended complaint. (Doc. No. 25). In a previous report and recommendation, the undersigned stated:

> Count 3 also seems to allege two distinct claims. Plaintiff alleges that in 1999, while in the Luzerne County Juvenile Detention Center, he broke his hand, but received no treatment. After his transfer to NWAISTU in 1999, a specialist advised plaintiff that it healed incorrectly and he would need to rebreak his hand and have a wire placed in it. Here plaintiff is making an Eighth Amendment medical malpractice claim. *Id*. ¶¶ 36-41. Plaintiff also allegedly discovered from the March 2006 records that defendant Roman wrote a letter to state officials intimating that the injury occurred at NWAISTU, rather than at the Luzerne facility. Given that the allegations here are false, it is difficult to characterize the injury as wrongful disclosure. Plaintiff alleges that this was a Fourteenth Amendment due process violation. Amend. Compl. ¶¶ 42, 58.

(Doc. No. 85 at 5-6).

On July 15, 2010, defendants Roman and Jane Doe filed a motion for judgment on the pleadings pursuant to Rule 12(c). (Doc. No. 127). The defendants' motion was accompanied by a brief in support. (Doc. No. 28). As of the date of this report and recommendation, the plaintiff has failed to file a brief in opposition.

2

## II. STANDARD

The motion filed on behalf of defendants is brought pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Third Circuit has explained that:

> [u]nder Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. . . [w]e must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

*See Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)(internal citations and quotation marks omitted).

## III. LEGAL ANALYSIS

Defendants argue that plaintiff's amended complaint should be dismissed against them because plaintiff's claims are barred the statute of limitations. The court agrees.

Claims under §1983 are generally subject to a state's statute of limitations on personal injuries. *City of Rancho Palos Verdes, California v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275, 276 (1985)); *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir.

2003). In Pennsylvania, the statute of limitations on bringing a personal injury cause of action is two years. 42 P.S. § 5524(7); *Garvin*, 354 F.3d at 220. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989) ("[W]e conclude that the most analogous statute of limitations, as in section 1983 and 1985 claims ... is Pennsylvania's two year statute of limitations period applicable to personal injury actions ...."). Furthermore, a cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

In addition, a party is considered to have notice of all facts which were known upon their attorney. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). This is true even where the attorney was representing the client in an unrelated cause of action. *Owens v. Lac D'Amiante Du Quebec, Ltee.*, 656 F.Supp. 981, 983 (E.D. Pa. 1987) (statute of limitations began to run where attorney had sufficient knowledge of the accrual of the personal injury claim).

### A. Defendant Roman

Plaintiff alleges that upon reviewing the records he received from appellate counsel on March 31, 2006, he discovered that defendant Roman wrote a letter to state officials intimating that the injury to his hand occurred

4

at NWAISTU, rather than at the Luzerne facility. In the district judge's previous memorandum, he explained why it would be inappropriate to use March 31, 2006 as the date of discovery. Specifically, the district judge stated:

> The . . . problem with Houseknecht's argument with respect to the statute of limitations is that anything known to Houseknecht's attorney may be imputed to Houseknecht. *Link v. Wabash R. Co.*, 370 U.S. at 633-34. Plaintiff argues that he requested all the documents in his case up to that point from his counsel on March 7, 2006. Since the documents which lead to the discovery of the disclosure were contained in the documents Houseknecht received from his counsel, it can be said that the information was in the hands of Houseknecht's counsel on or before March 7, 2006. Regardless of the fact that Houseknecht did not receive the records until March 31, 2006, notice can be imputed to him from his counsel's possession of the documents which would put a reasonable plaintiff on notice. Houseknecht argues that he never discussed the records with his former counsel, and therefore discovery should not be imputed to him. As a matter of law, knowledge may imputed from plaintiffs counsel even if the counsel was acting in an unrelated capacity. *Owens*, 656 F.Supp. at 983 (statute of limitations began to run where attorney had sufficient knowledge of the accrual of unrelated personal injury claim). Because the documents contained something which put Houseknecht on notice, it can be said that a reasonable plaintiff should have known on or before March 7, 2006. Again, as this action was filed March 17, 2008, Houseknecht's claim against Brulo for the 1999 disclosures is barred by the statute of limitations.

(Doc. No. 115 at 10-12). The same reasoning applies to bar plaintiff's claims against defendant Roman because, as explained above, a reasonable plaintiff should have known on or before March 7, 2006, at the latest, about the

5

alleged letter defendant Roman wrote to state officials. According to plaintiff's own allegations, this information was contained in his file from appellate counsel. As this action was filed on March 17, 2008, plaintiff's claim against defendant Roman is barred by the applicable two-year statute of limitations. Therefore, the court recommends that plaintiff's amended complaint be dismissed with respect to defendant Roman.[2]

### B. Defendant Jane Doe

Plaintiff alleges that during his incarceration at the Luzerne County Juvenile Detention Center, defendant Nurse Jane Doe examined his hand on February 20, 1999, and instructed him that his hand was fine and was just badly bruised. However, on February 24, 1999, after plaintiff was transferred to the NWAISTU, plaintiff alleges that he was examined by a nurse who advised him he would need to see a specialist for his broken hand. Consequently, on March 12, 1999, plaintiff was allegedly sent to see a specialist "who had to re-brake his hand due to it being already 75%

---

[2] As such, the court need not reach defendant Roman's argument that the plaintiff's claim is time-barred based on the law of the case doctrine. *See Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (The law of the case doctrine "posits that when a court decides upon a rule of law, the decision should continue to govern the same issues in subsequent stages of the case.").

incorrectly healed and place a kwire in plaintiff's hand which was removed several weeks later." (Doc. No. 25 at ¶40).

It is clear from plaintiff's allegations that he was aware he had a potential claim against defendant Nurse Jane Doe in 1999. As this action was filed on March 17, 2008, it appears that plaintiff's Eighth Amendment claim against defendant Nurse Jane Doe is barred by the applicable two-year statute of limitations. *See* 42 P.S. § 5524(7); *Garvin*, 354 F.3d at 220 (the Pennsylvania statute of limitations on bringing a personal injury cause of action is two years, and the naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant). *See also Bougher*, 882 F.2d at 78 ("[W]e conclude that the most analogous statute of limitations, as in section 1983 and 1985 claims ... is Pennsylvania's two year statute of limitations period applicable to personal injury actions ...."). Therefore, the court recommends that plaintiff's amended complaint be dismissed with respect to defendant Nurse Jane Doe.

## IV.  RECOMMENDATION

On the basis of the foregoing, **IT IS RECOMMENDED THAT,**

defendants' motion for judgment on the pleadings, (Doc. No. 127), be **GRANTED.**

                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States Magistrate Judge**

**DATE:** January 4, 2011
O:\shared\REPORTS\2008 Reports\08-0482-03.wpd