# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIE HOUSEKNECHT,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:08-0482** |
| **v.** | : | **(CAPUTO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SANDRA BRULO, ET AL.,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION[1]

No motions are presently pending before the court; however, it has become necessary to resolve the case with regard to three named, but to-date unserved, defendants: Michael Felty, Tom Thew and Stephen Riley. In light of the fact that the plaintiff failed to comply with the court's order of May 26, 2009, (Doc. No. 72), directing the plaintiff to supply current address and that the claims against the three defendants are identical to claims which have subsequently be dismissed against other co-worker defendants, the court recommends that the three remaining defendants be terminated from the action and the case be closed.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

The underlying §1983 complaint alleges violations of confidentiality by the counselors and administrator at the Northwestern Academy Intensive Secure Treatment Unit (hereinafter "Northwestern Academy"). (Doc. No. 25). The plaintiff alleged that information taken during mental health evaluations performed between 1997 and 2000 was improperly divulged when he was arrested in 2004. (Id. at 3-4). Defendants Felty, Thew and Riley were three of seven Northwestern Academy employees named in the plaintiff's amended complaint in addition to several members of the Luzern County Juvenile Probation Department and the Berks County District Attorneys and Public Defenders Offices. (Id. at 1-2).

As the plaintiff is an inmate as the State Correctional Institution in Greensburg, Pennsylvania, the U.S. Marshall's effected service of the named defendants. On April 14, 2008 waivers of service were returned unexecuted as to Defendants, McDonald, Fabian, Riley, Rutt, Felty, Thew and Thompson (hereinafter "the Northwestern Employees"). (Doc. No. 7; Doc. No. 8). The plaintiff was granted leave to amend his complaint and service of the amended complaint was also returned as unexecuted as to each of the Northwestern Employees. (Doc. No. 48). The court subsequently entered an order, (Doc. No. 72), directing the plaintiff to provide addresses for the defendants or risk dismissal of the action as to those defendants. The plaintiff did not respond. On August 6, 2009, the court directed the U.S. Marshals to

serve the Director of the Northwestern Academy with an order to provide the employee's addresses. (Doc. No. 84). The Director's sealed response yielded addresses for all of the Northwestern Employees with the exception of Defendant Felty. (Doc. No. 96). Attempts to serve Defendants Thew and Riley would, however, eventually be returned unexecuted. (Doc. No. 108; Doc. No. 109).

On November 13, 2009, the four Northwestern Employees who were effectively served filed a motion to dismiss, (Doc. No. 116), and brief in support, (Doc. No. 117), asserting that the plaintiff's claims were barred by the statute of limitations. The plaintiff did not file a brief in opposition. Nevertheless, the court reviewed the merits of the case and recommended that the motion be granted as it found that the claims were indeed barred by the statute of limitations. (Doc. No. 130). On December 13, 2010, the District Court adopted the report and recommendation and dismissed the claims against Defendants Rutt, Thompson, Fabian and McDonald. (Doc. No. 132).

## II. DISCUSSION

The court finds that reasonable efforts were made to locate and serve all named defendants despite the plaintiff's failure to supply addresses as ordered by the court more than three years ago. The plaintiff was warned that failure to supply address would result in a recommendation of dismissal. (Doc. No. 72). In addition, the court finds that allowing this action to remain open is

unnecessary because the statute of limitations issues identified in the "served" Northwestern Employee's motion to dismiss would similarly bar plaintiff's claims against the "unserved" defendants.

Throughout the plaintiff's amended complaint, the seven of the Northwestern Employees are generally referred to as a group. In fact, at no point are claims asserted against Defendants Felty, Thew or Riley which are not also asserted against the Northwestern Employees who were party to the motion to dismiss. Finding no material differences in the claims asserted against the Northwestern Employees who were served and those who were not, the court believes that the plaintiff's claims against the "unserved" defendants would be similarly barred by the statute of limitations.

Finally, of the fifteen initial defendants in this case, all defendants have been dismissed with the exception of Defendants Felty, Thew and Riley. In addition, the plaintiff has already attempted an appeal to the Circuit Court which was denied. (Doc. No. 160). Therefore, the status of the three remaining defendants is the sole issue preventing the final resolution and closure of this case.

**THEREFORE, THE COURT RECOMMENDS, THAT:**

(1) Defendants Michael Felty, Tom Thew and Stephen Riley be terminated from this action;

(2) The Clerk of the Court be directed to close the case.

*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: September 25, 2012**
O:\shared\REPORTS\2008 Reports\08-0482-04.wpd